8607

### HARVELEY v. SOUTHERN RAILWAY.

PUNITIVE DAMAGES.—A RAILROAD COMPANY is not liable in punitive damages to consignor for collecting from the consignee of a car of logs the cost of putting in sufficient stakes to hold them in position on the car while in transportation.

Before RICE, J., Barnwell, December, 1912.    Affirmed.

Action by H. M. Harveley against Southern Railway Company in court of W. R. Brabham.    Plaintiff appeals from judgment on Circuit reversing judgment of magistrate court.

*Messrs. James M. Patterson* and *R. P. Searson, Jr.,* for appellant, cite: *What is a rule?* 4 Words & Phrases 398; 7 Id. 6271; 25 Fla. 40.    *Hepburn act requires rates to be published:* 208 U. S. 452.

*Messrs. Harley & Best,* contra, cite: *Carriers have the right to adopt reasonable rules:* 30 Am. St. R. 170; 56 Id. 326; Moore on Car. 590; 13 Hun. 359; 54 N. Y. 512; 28 Barb. 275; 22 Barb. 130; 42 N. Y. Sp. Ct. 128; 11 Metc. 121; 65 Md. 120.

July 12, 1913.    The opinion of the Court was delivered by

MR. JUSTICE FRASER.    The appellant states his case as follows: "This action was commenced in the court of W. R. Brabham, Esq., magistrate, on summons duly served and demanding damages of one hundred dollars against the defendant-respondent for actual and punitive damages, for wilfully, knowingly, maliciously and unlawfully extorting from him more than a fair and reasonable toll or compensation for the transportation of one car of logs from Barnwell, S. C., to Sumter, S. C."    Upon the trial of said case the jury

found a verdict for plaintiff in the sum of fifty dollars, from which an appeal was duly had to the Circuit Court, which resulted in the appeal being sustained and the complaint dismissed by the following order: "It appears that the 75c charged by the defendant for restaking car No. 51515 was charged in accordance with a just and reasonable rule of defendant company, and there being no evidence to support punitive damage it is ordered that the complaint be, and the same is hereby, dismissed with costs;" "from which said judgment the appellant has brought this appeal upon four exceptions, which are duly set out in the case."

It will not be necessary to consider the exceptions separately, because under no view of the case could a judgment for the plaintiff be sustained. The seventy-five cents charged was not a "toll or compensation for the transportation." The charge was for restaking, and not for transportation.

The first connection of the defendant with this case, is, when the plaintiff, who is engaged in shipping logs from various places, presents himself to the agent of the defendant at Barnwell, S. C., and gets a bill of lading for a carload of logs that were at Ashley, about three miles away. When the car got to Branchville, it was inspected by the inspector of the defendant and condemned as unfit for transportation because there were not stakes enough to hold the logs in place on the car during transit to its destination. The agent at Branchville had additional stakes put in at a cost of seventy-five cents. This cost of restaking was demanded at Sumter, the point of destination, from the consignee before the logs were delivered. After some delay and some demurrage, which was paid, the shipment was delivered and this action was brought for actual and punitive damages. There is no direct evidence as to who loaded the logs or whose business it was to make them secure. That logs shipped on an open car must be made secure is too manifest to be questioned, and is not questioned. There is not a word to show

that the rules are unreasonable. There is no evidence to show that the logs were securely placed upon the car. There was testimony to show that the restaking was necessary, and it was uncontradicted. There was no evidence to show that it was the duty of the defendant to stake or restake the logs and in order to recover damages on the contract there must appear to have been a failure on the part of the defendant to perform some duty. There was evidence of some delay and some expense at Sumter, but there was no evidence of the length of the delay at Sumter or the loss occasioned by it, and no evidence of the expense. There was no evidence that there was any default on the part of the defendant, or any loss for which it was responsible.

The judgment appealed from is affirmed.